UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ROSEANN MARCOUX,

      Plaintiff,                                **JURY TRIAL DEMANDED**

v.

ROSNER'S, INC., a Florida for-profit corporation,
LEONARD ROSNER, and JEFFREY ROSNER,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES

ROSEANN MARCOUX, ("MARCOUX"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, ROSNER'S, INC., a Florida for-profit corporation, LEONARD ROSNER, (hereinafter "L. ROSNER"), and JEFFREY ROSNER, (hereinafter "J. ROSNER"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, ROSNER'S, INC. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, ROSNER'S, INC., L. ROSNER and J. ROSNER, operated an appliance store. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## **PARTIES**

8. At all times material hereto, Plaintiff, MARCOUX was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, ROSNER'S, INC., was conducting business in West Palm Beach, Palm Beach County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants, ROSNER'S, INC., L. ROSNER and J. ROSNER, were the employers of Plaintiff, MARCOUX.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, MARCOUX her lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, ROSNER'S, INC. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, MARCOUX was directly essential to the businesses performed by Defendants.

16. Plaintiff, MARCOUX has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about June 13, 2016, Plaintiff, MARCOUX was hired by the Defendants as a data entry/clerical worker at the Defendants' appliance store. Her employment terminated on March 29, 2017.

18. Plaintiff, MARCOUX was paid $15.00 per hour during part of her employment, which later increased to $18.75. per hour.

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff. In many weeks, the Plaintiff was not paid time-and-one-half her regular hourly rate of pay for her hours in excess of forty in each week.

20. Defendants, L. ROSNER and J. ROSNER were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

21. Defendants, L. ROSNER and J. ROSNER were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, MARCOUX.

22. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, MARCOUX repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, MARCOUX' employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, MARCOUX was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, MARCOUX intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, MARCOUX at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, MARCOUX of her rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, MARCOUX is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendants, Plaintiff, MARCOUX has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, MARCOUX respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: April 24, 2017.

    Respectfully submitted,

    BOBER & BOBER, P.A.
    Attorneys for Plaintiff
    1930 Tyler Street
    Hollywood, FL 33020
    Phone: (954) 922-2298
    Fax: (954) 922-5455
    peter@boberlaw.com
    samara@boberlaw.com

    By: s/. Peter Bober
        PETER BOBER
        FBN: 0122955
        SAMARA BOBER
        FBN: 0156248